IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANE BAULDRY,<br><br>        Plaintiff,<br><br>  v.<br><br>TOWN OF DANVILLE, et al.,<br><br>        Defendants.<br>_____/ | No. CV 12-03943 SI<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |

On October 18, 2012, defendants City of Piedmont and Sergeant Andy Wells filed a motion to dismiss plaintiff Lane Bauldry's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. On November 16, 2012, the Court held a hearing on defendants' motion. Having considered the parties' arguments, the Court hereby GRANTS defendants' motion and DISMISSES WITH LEAVE TO AMEND plaintiff's claims against Wells and Piedmont.

**BACKGROUND**

Plaintiff Bauldry and defendant Mona Daggett were previously married, but commenced divorce proceedings in the winter of 2010. Compl. ¶ 17. Bauldry alleges that during that time, Daggett met with Private Investigator Christopher Butler for the purposes of entrapping Bauldry in illegal activity for Daggett's benefit in the pending divorce proceedings. *Id.* at ¶ 18. The entrapment scheme involved using Butler's associates within various police agencies to arrest Bauldry for driving under the influence, after cajoling and encouraging him to drink alcohol in excess and drive. *Id.* at ¶ 19. Plaintiff alleges that Butler referred to this practice as a "Dirty DUI." *Id.* Allegedly, Daggett retained Butler for the Dirty DUI scheme. *Id.* at ¶ 20. Butler's first attempted Dirty DUI against Bauldry allegedly

occurred at Crogan's Seafood Restaurant in Alameda County, in October 2010. *Id.* at ¶ 22. Butler's plan that evening was to encourage and assist plaintiff to drink alcohol and then direct or guide him from Crogan's Restaurant into the City of Piedmont, where Sgt. Wells would pull plaintiff over without cause and arrest him for driving under the influence. *Id.* at ¶ 23. Plaintiff alleges the scheme was aborted that evening by the co-conspirators. *Id.* at ¶ 26.

Bauldry alleges that prior to working for the Piedmont Police Department, defendant Wells worked for the Antioch Police Department where he became colleagues and friends with Butler. *Id.* at ¶ 23. Plaintiff alleges that Wells was the officer "intended by" Butler to effectuate the DUI arrest. *Id.* Additionally, Wells allegedly "had been advised of and knew of Private Investigator Butler's illegal and inappropriate schemes, and/or was part of Butler's illegal and inappropriate schemes, and/or should have been aware of Private Investigator Butler's illegal and inappropriate schemes." *Id.* Wells allegedly "expressly or tacitly agreed to the plan, [and then] failed to stop, impede, or report Butler's activities." *Id.* at ¶ 25. Bauldry further alleges that because Wells and other Piedmont Police Officers "failed to report and/or act on the information" regarding the Dirty DUI scheme, the scheme continued. *Id.* at ¶ 27.

The second setup for the Dirty DUI allegedly took place on November 2, 2010, at Meenars, a tavern in Contra Costa County. *Id.* at ¶ 28. Bauldry asserts that two of Butler's female co-conspirators cajoled him into drinking alcohol, and that Deputies Tanabe and Henderson were involved in the scheme and had agreed to work with Butler. *Id.* at ¶ 33. After Bauldry was invited to leave Meenars by two women and to drive behind them in his own vehicle, Deputy Henderson pulled Bauldry over and arrested him. *Id.* at ¶ 35-36. The arrest was reported by Daggett's family law attorney to the Alameda County Superior Court, allegedly to restrict and limit plaintiff's time with his daughter. *Id.* at ¶ 38.

On July 26, 2012, plaintiff Bauldry filed a complaint with this Court, alleging: (1) bad faith arrest in violation of 42 U.S.C. § 1983; (2) conspiracy to commit bad faith arrest in violation of the Fourth Amendment and 42 U.S.C. § 1983; (3) egregious official conduct intended to injure in violation of the Fourteenth Amendment and 42 U.S.C. § 1983; (4) conspiracy to commit egregious official conduct intended to injure in violation of 42 U.S.C. § 1983; (5) false arrest and imprisonment; (6) abuse

2

of process; (7) intentional infliction of emotional distress; and (8) negligence. Sgt. Wells is named in counts 2, 4, and 5-8, and the City of Piedmont is named in counts 5-8.

On October 8, 2012, defendants Wells and Piedmont filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), asserting that: (1) plaintiff failed to allege sufficient facts to support his claim that Wells participated in the Dirty DUI conspiracy § 1983 claims; (2) the state law tort claims for false arrest and imprisonment, abuse of process, intentional infliction of emotional distress, and negligence fail because they rely on an alleged conspiracy and that plaintiff has not stated that either Wells or Piedmont were involved in the Contra Costa County arrest; (3) Piedmont and Wells are immune from liability for failure to report the scheme under California Government Code §§ 818.2, 845, and 846; and (4) plaintiff may not recover punitive damages against Wells and Piedmont under California Government Code § 818 and because he failed to allege oppression, fraud, or malice.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 544, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id.* at 555. The plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

In deciding whether the plaintiff has stated a claim, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in his or her favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."

3

*Iqbal*, 556 U.S. at 678.

If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**1.    Pleading in Conspiracy Claims**

Under *Iqbal* and *Twombly,* a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," and a mere recitation of labels and conclusions is insufficient. *Twombly*, 550 U.S. at 570. Thus, the plaintiff must allege facts amounting to more than a "sheer possibility that a defendant acted unlawfully." *Iqbal*, 556 U.S. at 678.

Plaintiff's allegations against Wells pursuant to 42 U.S.C. § 1983 do not pass muster under Fed. R. Civ. P. 12(b)(6). For instance, the complaint alleges only that "Wells was the person and officer *who was intended by* Private Investigator Butler to effect the DUI arrest." Compl. ¶ 23 (emphasis added). It also concludes that Wells "had been advised of and knew of" Butler's schemes, "and/or was part of" Butler's schemes, "and/or should have been aware of" Butler's schemes. *Id.* However, plaintiff does not allege facts supporting these conclusions, such as communications between Wells and Butler relating to the DUI scheme or any action by Wells in furtherance of the scheme. Bauldry merely recites that Wells "expressly or tacitly agreed to the plan" but does not allege facts showing such an agreement.

Therefore, the Court DISMISSES WITH LEAVE TO AMEND plaintiff's second and fourth causes of action against defendant Wells alleging conspiracies in violation of 42 U.S.C. § 1983.

**2.    Pleading and Immunity in State Law Tort Claims**

Plaintiff's fifth through eighth causes of action allege state law tort claims against Wells and Piedmont based on the harm plaintiff suffered from the DUI arrest. To the extent that they are based on a conspiracy theory, they fail because plaintiff failed to plead specific facts alleging Wells or

4

Piedmont conspired in the Dirty DUI scheme, as discussed above. To the extent that the state law claims are based on the allegation that Wells and other Piedmont officers knew of the Dirty DUI scheme and failed to stop it, Wells and Piedmont argue that they must fail because plaintiff failed to state a claim and they are immune under state law.

Wells and Piedmont assert that they are immune under Cal. Govt. Code §§ 845, 846, 820.2, 818.2, 821, and 815.2(a), which generally grant immunity to police officers and municipalities for failure to protect, investigate, make an arrest, or any other discretionary nonfeasance. *See Michenfelder v. City of Torrance,* 28 Cal. App. 3d 202, 206 (1972). "The statutory immunity for inaction is broader than the immunity which is applicable to the manner in which a policeman uses his authority to direct or restrain persons." *Id.* at 207. Furthermore, law enforcement officers are only liable under a failure to warn claim if they have made an affirmative promise to warn and then failed to do so, because the promise gave rise to a ministerial duty. *Morgan v. Yuba County*, 230 Cal. App. 2d 938, 942-43 (1964) (holding that defendant sheriff and deputies of Yuba County were liable for failure to warn after promising victim they would warn her if the man who had threatened her life was released on bail, and failed to do so when he was released, resulting in her death).

The Court cannot decide the issue of immunity until it first determines that plaintiff has alleged defendants owed a legal duty of care to plaintiff. *Williams v. State of California*, 34 Cal. 3d 18, 22 (1983). To do otherwise would place the immunity cart before the duty horse. *Id*. Ordinarily, "[a] person who has not created a peril is not liable in tort merely for failure to take affirmative action to assist or protect another unless there is some relationship between them which gives rise to a duty to act." *Id.* at 23. With regard to law enforcement, the state and its agents are held to the same standard of care as an individual, and thus they have no duty to affirmatively act unless they voluntarily assume a protective duty toward a certain member of the public and induce reliance on their protection. *Id.* at 24.

The complaint only alleges that Wells and Piedmont knew of the DUI scheme and "failed to report and/or act on the information." Plaintiff never alleges any facts regarding Wells's or Piedmont's actions in participation or agreement to carry out the scheme, only a failure to warn or prevent harm. However, the alleged omissions of Wells and Piedmont cannot be the basis for a tort claim, because

5

police officers, like ordinary citizens, do not have an affirmative duty to act to protect an individual. Plaintiff has not alleged facts sufficient for the Court to find that defendants owed a special duty to protect him and stop the Dirty DUI scheme, since plaintiff has not sufficiently alleged that Wells created the harm by entering into the DUI conspiracy and thereby created a legal duty.

Accordingly, the Court DISMISSES WITH LEAVE TO AMEND plaintiff's fifth, sixth, seventh, and eighth causes of action against defendants Wells and Piedmont alleging violations of state tort law.

### 3.     Punitive Damages

Defendant Piedmont argues that plaintiff is barred from asking for punitive damages against it by Cal. Gov't Code § 818. However, plaintiff has only requested punitive damages as to individual defendants, and not against Piedmont.

Defendant Wells argues that Bauldry failed to allege facts sufficient for the award of punitive damages against him. Under Cal. Civ. Code § 3294(a), the plaintiff may only obtain punitive damages after presenting clear and convincing evidence that the defendant was guilty of oppression, fraud or malice. Malice is "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Cal. Civ. Code § 3294(c)(1). Oppression is "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." *Id.* at § 3294(c)(2). Plaintiff's opposition alleges Wells engaged in despicable conduct to deprive him of his time with his child, but he does not allege any facts in support of this allegation in his complaint. Plaintiff's Oppo. at 9-10. For instance, he does not allege facts showing that Wells engaged in conduct directed at plaintiff or that he desired to deprive plaintiff of his time with his daughter. The complaint also does not allege facts showing that Wells agreed to or participated in the Dirty DUI scheme. Thus, plaintiff failed to plead sufficient facts that would demonstrate that Wells defendant was guilty of oppression, fraud or malice, and plaintiff is entitled to punitive damages.

Therefore, the Court DISMISSES WITH LEAVE TO AMEND plaintiff's request for punitive damages against defendant Wells.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motion and DISMISSES WITH LEAVE TO AMEND the claims against Sgt. Wells and the City of Piedmont. (Docket No. 15).  **Any amended complaint must be filed no later than November 30, 2012.**

**IT IS SO ORDERED.**

Dated: November 19, 2012

SUSAN ILLSTON
United States District Judge